# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KIRK CRABB, | DOCKET NUMBER |
| Appellant, | CH-0752-15-0173-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: September 14, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marshall H. Tanick, Esquire, Edina, Minnesota, for the appellant.

Jessica L. Lietaer, Esquire, Denver, Colorado, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The agency initially employed the appellant as a letter carrier. Initial Appeal File (IAF), Tab 6 at 15-20. In July 2014, the agency promoted him to the position of Supervisor, Customer Services. *Id*. at 14. In August 2014, the agency proposed to terminate the appellant for unacceptable conduct. IAF, Tab 1 at 11-14. The agency terminated him in September 2014. *Id*. at 8-9. The appellant appealed his termination to the Board and requested a hearing. *Id*. at 1-6. The administrative judge issued a timeliness order in which she stated that the appellant's appeal appeared to be untimely. IAF, Tab 3. The appellant responded to that order. IAF, Tab 8. The administrative judge subsequently issued a show cause order on jurisdiction. IAF, Tab 10. The appellant did not respond to the jurisdictional order. In its response to the appeal, the agency argued that the Board lacks jurisdiction over the appeal and that the appeal was untimely. IAF, Tab 6 at 6-7.

¶3     Without holding the requested hearing, the administrative judge issued an initial decision finding that the Board lacked jurisdiction over the appeal because the appellant did not have the 1 year of current continuous service required to

establish that he is an employee with Board appeal rights.[2]  IAF, Tab 11, Initial Decision (ID) at 4.  The appellant timely petitioned for review.  Petition for Review (PFR) File, Tab 1.  On review, the appellant asserts, inter alia, that he had 1 year of current continuous service because he had served on detail to his last position prior to his appointment to the position.  *Id*. at 6-7.  Additionally, the appellant argues that his union failed to effectively represent him below and that he should not be prejudiced by the union's ineffective representation.  *Id*. at 10-11.  According to the appellant, he has acted with "due diligence" to collect evidence that will support his claim of Board jurisdiction.  *Id*. at 8; *see id*., Exhibits 1-3 (affidavit of the appellant).  Thus, the appellant urges the Board to remand his appeal "in the interest of justice."  PFR File, Tab 1 at 10-11.  The agency has responded in opposition to the petition.  PFR File, Tab 4.  The appellant has filed a reply in which he asserts that the evidence he submits on review was not "available" to him because he did not know that the union did not present it.  PFR File, Tab 5 at 2.

¶4      We find that the administrative judge correctly concluded that the Board lacks jurisdiction over this appeal.  ID at 4.  For a Postal Service employee to appeal a removal under 5 U.S.C. chapter 75, he must:  (1) be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) have completed 1 year of current continuous service in the same or similar positions.  *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012) (citing 39 U.S.C. § 1005(a); 5 U.S.C. § 7511(a)(1)(B)(ii)).  Positions may be deemed "similar" when they are in "the same line of work," which the Board has interpreted as related or comparable work that requires the same or similar knowledge, skills, and abilities.  *Pagan v. U.S. Postal Service*, 111 M.S.P.R. 212, ¶ 6 (2009).

---

[2] The administrative judge did not address the issue of timeliness.  ID.

¶5      It is undisputed that the appellant is a preference eligible; he therefore satisfies the first criterion. IAF, Tab 6 at 7, 14. However, we agree with the administrative judge that the appellant is not entitled to Board appeal rights under 5 U.S.C. chapter 75 because he did not demonstrate below that he had 1 year of current continuous service in the same or similar positions. *See* ID at 3-4. Below, the record included the appellant's Postal Service Form 50s, which indicated that he was appointed to the position of Supervisor, Customer Service in July 2014 and had previously served in the positions of Carrier Technician and City Carrier. IAF, Tab 6 at 14-20. The record also included the agency's decision to terminate the appellant from his position, effective in September 2014, which was less than 1 year after this appointment. IAF, Tab 1 at 8-9. The appellant did not present any evidence or argument that his prior positions were similar to the position of Supervisor, Customer Service, and the position titles themselves did not appear similar without any further description.[3] We therefore agree, based upon the record below, that the Board lacks jurisdiction because the appellant did not have 1 year of current continuous service. *See Slentz v. U.S. Postal Service*, 92 M.S.P.R. 144, ¶ 5 (2002).

¶6      The evidence that the appellant submits on review does not provide a basis for disturbing the initial decision. *See* PFR File, Tab 1, Exhibits 1-3 (affidavit of the appellant). Under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). To constitute new and material evidence under 5 C.F.R. § 1201.115(d), the information contained in the documents, not just the documents themselves, must

---

[3] If the appellant had submitted evidence and argument regarding the two positions, the administrative judge would have been required to consider the job duties of each position and not simply the position titles. *Newman v. U.S. Postal Service*, 79 M.S.P.R. 64, 67-68 (1998).

have been unavailable when the record closed despite due diligence. On review, the appellant submits his own affidavit, pay stubs, a self-compiled list of the job duties that he performed during his detail, and the agency's description of his supervisor position. PFR File, Tab 1, Exhibits 1-3 (affidavit of the appellant). The information contained in these documents is not new because it includes the appellant's recollections from prior to his termination in his affidavit and summary of job duties during his detail and documents that could have been obtained below. We therefore do not consider this evidence.

¶7        Additionally, the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Thus, we do not consider the appellant's new arguments concerning the similarity of his previous position to his Supervisor, Customer Services position.[4]   PFR File, Tab 1 at 2-3.

¶8        Further, we are not persuaded by the appellant's arguments regarding ineffective representation by his union. PFR File, Tab 1 at 10-11. The Board has long held that an appellant is responsible for the failings of his chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). The appellant designated the union as his representative in his initial appeal form. IAF, Tab 1 at 5. He asserts on review that he voluntarily participated with the union in his appeal through receipt of the administrative judge's orders and participation in a conference call. PFR File, Tab 5 at 4; *see* IAF, Tab 7.

---

[4] The Board previously has held that an employee's period of service as an acting supervisor does not entitle him to the rights of the position to which he was detailed and, therefore, cannot be credited toward his completion of the 1 year of service in the same or similar positions required to qualify as an "employee" under 5 U.S.C. chapter 75. *Goodman v. U.S. Postal Service*, 36 M.S.P.R. 127, 129 (1988). Therefore, even if we considered the appellant's argument regarding the alleged similarity of his prior position to his Supervisor, Customer Services position, the result would remain the same.

Accordingly, we find that the appellant's assertions concerning the union's ineffective representation do not provide a basis for disturbing the initial decision. *See Hoback v. Department of the Treasury*, 86 M.S.P.R. 425, ¶ 14 (2000) (finding that the appellants were responsible for any lack of documentary evidence submitted below on the issues of jurisdiction and timeliness, despite their arguments that any lack of evidence was the fault of their chosen representatives); *see also Echols v. Defense Logistics Agency*, 11 M.S.P.R. 404, 406 (1982) (rejecting the appellant's assertions regarding the union's ineffective representation where the appellant acknowledged on review that he was aware of a representation problem with his union but failed to raise it below). Finally, although the appellant generally asserts that we should grant his petition in "the interests of justice," PFR File, Tab 1 at 10-11, we decline to do so because he has not shown any legal error in the initial decision, *see Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 134 (1980), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam), and his arguments on review provide no other basis for granting his petition.[5]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

---

[5] Because the Board lacks jurisdiction, we need not address the timeliness issue. *See Tardio v. Department of Justice*, 112 M.S.P.R. 371, ¶ 30 (2009).

27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.